UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABSOLUTE TRAINING
SYNDICATE, et al.,

    Plaintiffs,

v.                                       Case No. 8:25-cv-1978-TPB-SPF

YOUR INSTRUCTOR, LLC,

    Defendant.
_____/

## ORDER GRANTING "DEFENDANT'S MOTION TO DISMISS"

This matter is before the Court on Defendant Your Instructor, LLC's motion to dismiss. (Doc. 13). On October 8, 2025, Plaintiffs filed a response in opposition. (Doc. 19). After reviewing the motion, response in opposition, court file, and the record, the Court finds as follows:

This case stems from a business relationship gone sour. Defendant Your Instructor, LLC is a premier authorizing training partner with Project Management Institute, Inc., ("PMI"), a third-party provider of licenses and certifications for professional certifications. Defendant specifically gives pre-licensing classes and related services to assist applicants seeking to obtain certification to become project managers. In 2024, Defendant hired Plaintiffs John Verrecchio, John Le, and their respective companies Your PM Trainer and Project 37 Consulting, LLC, as subcontractors under Defendant's PMI license. Plaintiffs signed independent contractor agreements with Defendant. However, later in 2024, Defendant terminated its independent contractor agreements.

In the summer of 2024, Verrecchio and Le joined together to form Plaintiff Absolute Training Syndicate, LLC, which competes with Defendant by offering training and materials for students to earn property management certifications. Absolute Training Syndicate operates as a subcontractor under an entity called EvereTech, which, like Defendant, is an authorized trainer licensed by PMI. As such, Plaintiffs contend that Absolute Training Syndicate has the same rights as Defendant to use PMI materials.

Defendant later accused Plaintiffs of improperly using both PMI's and Defendant's intellectual property. On June 30, 2025, Defendant's counsel sent Plaintiffs a cease-and-desist letter, requesting a response by July 10, 2025. Plaintiffs' counsel responded on July 9, 2025, by acknowledging receipt of the letter and advising that he had been retained.

Two weeks later, on July 22, 2025, Defendant's counsel reached out to Plaintiffs' counsel for an update and responded with her availability for a conference call the following week. The same day, Plaintiff's counsel's staff confirmed his availability and sent a Zoom link for a meeting.

One week later, on July 29, 2025, approximately four hours before the video conference, Plaintiffs' counsel emailed Defendant's counsel a copy of the declaratory judgment action he had filed with this Court. The parties still conducted the video conference, and during that conference, Plaintiffs' counsel allegedly stated that he had filed suit in the Middle District of Florida for the purpose of preventing Defendant from filing in the Northern District.

Plaintiffs' declaratory judgment is expansive and asks the Court to declare that Plaintiffs did not commit any of the following violations in its past dealings with Defendant: copyright infringement (Count I), computer fraud and abuse (Count II), trade secret misappropriation under the federal Defend Trade Secrets Act (Count III), breach of contract (Count IV), trade secret misappropriation under Florida law (Count V), deceptive and unfair trade practices under Florida law (Count VI), tortious interference with business relationships (Count VII), conversion (Count VIII), civil theft (Count IX), civil conspiracy (Count X), and fraud or negligent misrepresentation (Count XI). Plaintiffs also seek a declaration that the Wrongful Act Doctrine is inapplicable (Count XII).

The Declaratory Judgment Act states, in pertinent part

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Importantly, the United States Supreme Court has recognized that "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

"The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." *Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971). The Act

"permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." § 2751 Purpose of Declaratory Judgments, 10B Fed. Prac. & Proc. Civ. § 2751 (4th ed.). To that end, many courts have concluded that "declaratory judgment is inappropriate solely to adjudicate past conduct." *See, e.g.*, *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (collecting cases).

Each of Plaintiffs' declaratory judgment claims ask the Court to make factual determinations concerning possible tortious acts and breaches of contract that Plaintiffs allege were committed in the past. *See id.* (declining to exercise jurisdiction over declaratory judgment claim in similar circumstances). Plaintiffs' requests do not appear to involve purely legal rulings, nor does the requested relief seek a result that would lead to a change in conduct by either party. At this point in time, there is no longer an active business relationship between the parties, and a declaration from the Court would not alter Plaintiffs' course of action, which has already occurred and is not alleged to be ongoing – Plaintiffs have already taken certain actions, and any alleged damages caused by those actions are no longer avoidable.

The Declaratory Judgment Act's long-standing purpose is "to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty,'" and that purpose is not served by the relief Plaintiffs seek in this case. *See Bacardi USA, Inc. v. Young's Market Co.*, 273 F. Supp. 3d 1120, 1132 (declining to exercise jurisdiction over declaratory judgment action); *Sierra Equity Group, Inc.*, 650 F. Supp. 2d at 1231 (same). Litigating this case would not clarify the legal relations between the parties to avoid future violations or breaches. Instead, as presented by

Plaintiffs, the key inquiries for the Court are backward-looking and require a fact-intensive investigation into the parties' past conduct. *See LJL Holdings Lithonia LLC v. Walgreen Co.*, 764 F. Supp. 3d 1302, 1309 (N.D. Ga. 2025); *Int'l Health Brands, LLC v. Foy*, No. 24-cv-80679-MATTHEWMAN, 2024 WL 4438199, at *2 (S.D. Fla. Oct. 8, 2024). The Court declines to use the Declaratory Judgment Act and limited judicial resources to approve or disapprove of Plaintiffs' past business decisions as to which there is no apparent present dispute. Because Plaintiffs have failed to allege a sufficient basis for declaratory relief, the Court grants the motion to dismiss as to this ground. The Court declines to exercise jurisdiction over this case.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's motion to dismiss (Doc. 13) is granted to the extent that this case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is directed to terminate all pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of November, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE